UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL HORNE,

    Plaintiff,

v.

GOLDEN EMPIRE TRANSIT

    Defendant.

Case No. 1:19-cv-01209-DAD-EPG

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM

(ECF No. 1)

OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS

Plaintiff, Michael Horne ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed the complaint initiating this action on September 3, 2019. (ECF No. 1.)

For the reasons described below, the Court recommends that this action be dismissed for being frivolous and for failing to state a claim, without prejudice to the filing of a paid complaint making the same allegations

Plaintiff may file objections to these findings and recommendations within twenty-one days from the date of service of this order.

**I.    SCREENING REQUIREMENT**

Under 28 U.S.C. § 1915(e)(2), in any case in which a plaintiff is proceeding *in forma pauperis*, the Court must conduct a review of the claims brought by the plaintiff to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or

"seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim on which relief may be granted, it must be dismissed. *Id.* Similarly, if the Court determines the complaint is frivolous or malicious, it must be dismissed. *Id.* An action is deemed to be frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

**II.     PLAINTIFF'S COMPLAINT**

Plaintiff's complaint states in its entirety:

"2 counts. Violation of speech. Slander and tell me be quiet / shut up. Government conspiracy. Government coverup. Violation of American Disability Act. Attempted

2

murder 1st degree. Attempted mass murder 1st degree. Violation of CA State Penal Code 273a. Herassment. Disable profile. Violation of public safety. Unbecoming of a guard. Assessory before the crime, assessory after the fact. Violation of religion. Violation of 9th Amendment. Violation of 14th Amendment."

## III.     LEGAL STANDARDS

Under 28 U.S.C. § 1915(e), the court is required to dismiss a case of plaintiff proceeding *in forma pauperis* at any time if the court determines that the action is (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *accord Martinez v. Bureau of Immigration & Customs Enf't*, 316 F. App'x 640, 641 (9th Cir. 2009) (unreported) (upholding district court's dismissal as frivolous under § 1915(e)(2)(B)(ii) for repeating previously-litigated claims and noting the statute "requir[es] dismissal of a frivolous complaint filed in forma pauperis"); *Peabody v. Zlaket*, 194 F.3d 1317, 1317 and n.3, 1999 WL 731360, at *1 and n.3 (9th Cir. 1999) (Table, unpublished) (affirming district court's dismissal under § 1915(e)(2)(B)(i)-(iii) for failing to state claim under civil rights statute); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

"A claim is 'frivolous' when it is without basis in law or fact . . . ." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013); *accord Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"). A "district court properly dismisse[s] [an] action as frivolous [when] the complaint contains indecipherable facts and unsupported legal assertions." *Anderson v. Sy*, 486 F. App'x 644 (9th Cir. 2012) (unpublished) (citing *Jackson v. Arizona*, 885 F.2d 639, 640–41 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000)).

Dismissals as frivolous do not prohibit a plaintiff from bringing the same action so long as the filing fee is paid:

> Because a § 1915(d) dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. It

3

could, however, have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions.

*Denton*, 504 U.S. at 34.

## IV. APPLICATION TO PLAINTIFF'S COMPLAINT

Plaintiff's claim is frivolous because it is incomprehensible and contains no basis in law or fact. Plaintiff alleges no facts, and the legal principles Plaintiff mentions are incomprehensible. Because the complaint is frivolous, it must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(i).

## V. CONCLUSION AND RECOMMENDATIONS

The Court has screened Plaintiff's complaint and finds that it is frivolous and fails to state any claims that should proceed past the screening stage. The Court recommends dismissal, without prejudice to the filing of a paid complaint making the same allegations.

The Court does not recommend granting leave to amend because Plaintiff's complaint is incomprehensible with no basis in fact and law. Therefore, leave to amend would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (explaining that there is no presumption that a district court should grant leave to amend when it "determines that the pleading could not possibly be cured by the allegation of other facts"); *accord Lukashin v. AllianceOne Receivables Mgmt. Inc.*, 617 F. App'x 812, 813 (9th Cir. 2015) (unreported) (affirming denial of leave to amend where plaintiffs "failed to allege facts sufficient to shows that defendants' alleged conduct was actionable"); *Villasenor v. Zamora*, 611 F. App'x 465, 466 (9th Cir. 2015) (unreported) ("The district court did not abuse its discretion when it denied [prisoner plaintiff] leave to amend his complaint because amendment would be futile."); *Badfoot v. Estelle*, 874 F.2d 815 and n.1, 4 (9th Cir. 1989) (Unreported, Table) (affirming dismissal of prisoner's complaint without leave to amend based on finding it incomprehensible); *Yegorov v. Hutchenson*, No. 2:18-CV-1095-TLN-DBPS, 2018 WL 4944881, at *2-3 (E.D. Cal. Oct. 11, 2018), *report and recommendation adopted*, 2019 WL 1095132 (E.D. Cal. Jan. 3, 2019) (denying leave to amend where "the complaint consists of a single page of incomprehensible, vague, and conclusory allegations").

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case be DISMISSED for being frivolous and failing to state a claim, without prejudice to the filing of a paid complaint making the same allegations.

2. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 13, 2020**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE